**Norris Lee NASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00468–CR.**

Court of Appeals of Texas, Dallas.

Oct. 25, 1984.

Melvyn Carson Bruder, Bruder & Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty., Constance M. Maher, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and STEPHENS and STEWART, JJ.

GUITTARD, Chief Justice.

Appellant was convicted of unlawfully possessing cocaine. The cocaine was con-

tained in a small vial found on appellant when he was jailed for an unrelated offense. On appeal he complains of the trial court's failure to suppress the report of a laboratory analysis of the contents of the vial. We hold that this evidence was not obtained as a result of an unlawful seizure. Consequently, we affirm.

The following facts are stipulated:

On May 20, 1982, at approximately 2:30 a.m., the defendant, Norris Lee Nash, was arrested in the 7600 block of North Central Expressway, Dallas County, Texas, for the offense of driving while intoxicated by Dallas police officers. The officers searched the defendant's person but found nothing of consequence. The defendant was then transported in a police car to the Dallas City jail. Upon arrival at the jail, the defendant's personal property was taken from him by jail personnel for safekeeping during the defendant's incarceration. The defendant was then taken to a cell where he was to be kept pending his release or transfer to the Dallas County jail. Preparatory to placing the defendant in a cell, Dallas police public service officer A.W. Jenkins conducted a search of the defendant and found underneath his clothing in his crotch a small, opaque, brown, glass vial, which was closed. A visual examination of the vial indicated it contained a powdery substance. The vial was seized by officer Jenkins, who opened it to examine its contents. After determining the contents to be white powder, Jenkins caused the vial to be transported to the Southwestern Institute of Forensic Science where the vial was again opened, and its contents were removed and scientifically analyzed. Such analysis revealed that the powder contained cocaine.

No warrant was issued for appellant's arrest, for the search of his person, or for the seizure of his property. Appellant admits, however, that his arrest was proper and that seizure of the vial was permitted as a part of an inventory search at the time he was booked into the jail. He even con-

cedes that the officer was justified in opening the vial and making a visual inspection of its contents. He contends, however, that the analysis of the contents by a laboratory was an unreasonable search or seizure forbidden by article I, section 9, of the Texas Constitution and the Fourth Amendment of the Constitution of the United States. He insists, therefore, that in the absence of a lawful warrant or facts establishing probable cause, the court erred in overruling his motion to suppress.

■■■ We reject this contention on the ground that the constitutional prohibition of unreasonable searches and seizures does not apply to authorized police inventory procedures. *Illinois v. Lafayette,* 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). *Lafayette* holds that neither a warrant nor probable cause is required for a valid inventory search when a person is initially placed in jail. Examining all the items removed from the arrestee's person and listing them is justified as a reasonable administrative procedure to protect the police against false claims and to protect the arrestee against theft of property in police custody. These interests, according to *Lafayette,* outweigh the arrestee's privacy interest in the contents of the property removed. Consequently, the court will not second guess the police as to whether less intrusive methods might have been adequate. Appellant does not suggest that we interpret the Texas constitutional prohibition more restrictively than the corresponding provision of the Fourth Amendment.

■■■ Appellant argues that in *Lafayette* no question was raised about making an analysis of contents after the container itself was seized. There the police removed the contents of the arrestee's shoulder bag and found amphetamine pills inside a cigarette case package. No issue was raised as to how the pills were identified as controlled substances. We do not read *Lafayette* so narrowly as to permit a visual inspection of the contents of a container removed from a prisoner, but not a more detailed examination when required to identify the contents. In the light of that opinion, we conclude that for the purpose of an administrative inventory the police are not

required to make such fine distinctions. What they lawfully seize for protection of the interests of the public and of the prisoner, they may identify by whatever means necessary. This conclusion is supported by *United States v. Jacobsen,* — U.S. —, 104 S.Ct. 1652, 1662, 80 L.Ed.2d 85 (1984), which holds that when law enforcement officers are lawfully in possession of a substance, a chemical test that merely discloses whether that substance is cocaine does not compromise any legitimate interest in privacy. Consequently, we conclude that no unreasonable search or seizure is shown.

This conclusion is not contrary to *Howard v. State,* 599 S.W.2d 597, 604–05 (Tex. Crim.App.1980) (*en banc*), on which appellant principally relies. There an officer stopped the defendant for a traffic offense and then seized a bottle of pills in the vehicle. These pills were found on analysis to contain a controlled substance. The court held that the seizure could not be justified under the "plain view" doctrine because the officer had no reason, to suspect that the bottle contained a controlled substance before he seized it. That case did not involve an inventory search, nor did the defendant concede, as here, that the officer was justified in taking possession of the container in question.

Affirmed.